THE STATE, EX REL. KAY, APPELLANT, *v.* NIXON, APPELLEE.

(No. 228—Decided May 14, 1947.)

Mr. *Charles H. Wilson,* for appellant.
Mr. *James W. Lang, Jr.,* and Mr. *Vernon L. Young,* for appellee.

METCALF, J. Relator filed a petition in mandamus in the Court of Common Pleas of Adams county praying for a peremptory writ compelling the respondent to turn over to relator the office of clerk of the board of education of Monroe township in that county. The

petition sets forth the election of the relator by the board of education, his qualifying therefor by taking the oath of office and furnishing bond and further alleges "that the defendant [respondent] herein has usurped and unlawfully held and exercised and still holds and exercises said office as such usurper, assumes to do and perform all and singular the duties pertaining to said office, and to receive the fees and emoluments therefor, but that said defendant [respondent] has refused to surrender said office or any of the property belonging to the same to this relator."

To such petition the respondent filed a general demurrer claiming that the petition does not state a cause of action.

The Common Pleas Court sustained the demurrer and, the relator not caring to plead further, judgment was entered dismissing the petition, from which judgment relator appeals on questions of law.

The only error complained of is that the court should not have sustained the demurrer and entered final judgment in favor of the respondent.

It is clear from that part of the petition herein quoted that the title to the office of clerk of the board of education in the instant case is drawn into question and under such circumstances quo warranto and not mandamus is the proper remedy. 33 Ohio Jurisprudence, 955, Section 7.

Section 12303, paragraph 1, General Code, being the first section enumerated in the proceedings in the chapter on quo warranto, provides that a civil action may be brought in the name of the state "against a person who usurps, intrudes into, or unlawfully holds or exercises, a public office * * *."

We think the allegations in the petition bring the instant case within the provisions of that chapter and section. It has been repeatedly held in Ohio that quo warranto is the only proper proceeding by which to

test the title to an office. Of course, mandamus will lie if the title is not drawn into question, such as the failure on the part of certain officials or parties to perform the necessary ministerial duties prerequisite to the induction of the party entitled to the office.

It follows that the judgment of the trial court in sustaining the demurrer to the petition should be affirmed.

*Judgment affirmed.*

GILLEN, P. J., and McCURDY, J., concur.